IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ERNESTO LEYVA,<br><br>Defendant. | 4:24CR3029<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on defendant Ernesto Leyva's motion to sever (Filing No. 172). For the reasons stated below, the motion will be denied.

### BACKGROUND

Count I of the indictment in this case charges Leyva, Olen Warner, and Danna Hespen with conspiracy to distribute methamphetamine, fentanyl, and heroin between December 2022 and July 2023, in violation of 21 U.S.C. § 846. (Filing No. 1 at 1). Hespen eventually pleaded guilty to the charge against her, leaving only Leyva and Warner as co-defendants. (Filing Nos. 81, 85).

In October 2024, Warner moved to, among other things, sever his trial from Leyva's. (Filing No. 95). The Magistrate Judge denied Warner's motion, finding that he "failed to meet his burden to show a joint trial would be prejudicial." (Filing No. 121 at 5). Leyva now seeks to sever *his* trial from Warner's.[1] (Filing No. 172).

---

[1] For his part, Warner "does not object to the Motion to Sever filed by defendant Leyva[.]" (Filing No. 182 at 3).

## DISCUSSION

Before reaching the issues severance-related issues, the Court will address an issue Leyva raised for the first time in his reply brief—whether *joinder*[2] of the two co-defendants is proper at all. (Filing No. 183 at 1-2). Leyva suggests that his "alleged role is distinct and lacks sufficient overlap with Warner's actions to justify joinder." (Filing No. 183 at 2). In support, he argues that "the factual distinctions between Leyva's and Warner's alleged conduct suggest separate schemes rather than a unified plan." (Filing No. 183 at 2).

Putting aside any procedural issues[3] with raising a misjoinder argument in his reply brief, Leyva's argument fails on the merits. Under Fed. R. Crim. P. 8(b), defendants are properly joined "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." *Id.* Generally, the "same series of acts or transactions" means acts or transactions that are pursuant to a common plan or a common scheme. *United States v. Wadena*, 152 F.3d 831, 848 (8th Cir. 1998). And Rule 8(b) is a pleading rule—"[a]n indictment must reveal *on its face* a proper basis for joinder." *Id.* (emphasis added); *see, e.g., United States. v. Rittweger*, 524 F.3d 171, 177 (2d Cir. 2008) ("Under the plain language of Rule 8(b), the decision to join parties turns on what is 'alleged' in the 'indictment.'").

Here, the face of the indictment reveals a proper basis for joinder. Count I charges Warner and Leyva with "knowingly and intentionally combin[ing], conspir[ing], confederat[ing], and agree[ing] together and with other person(s) to distribute" certain controlled substances. (Filing No. 1 at 1). Those allegations establish that joinder is proper. *See, e.g., United States v. Mason*, 951 F.3d 567, 576 (D.C. Cir. 2020) ("The mere allegation of a conspiracy presumptively satisfies Rule 8(b), since the allegation implies that the defendants named have engaged in the same series

---

[2] The joinder and severance issues in this case are governed by Federal Rules of Criminal Procedure 8 and 14. *See United States v. Jones*, 880 F.2d 55, 60 (8th Cir. 1989). Rule 8 establishes the requirements for joinder of offenses or defendants in the same indictment. *See id.* Rule 14 allows the trial court to order severance, even though joinder of offenses or defendants is proper under Rule 8, if it appears that the defendant or government is prejudiced by the joinder. *See id.* "The objective of both Rules is to balance the prejudice inherent in joint trials against the interests in judicial economy." *Id.*

[3] Generally, "arguments are not entertained when raised for the first time in a reply brief." *ProMove, Inc. v. Siepman*, 355 F. Supp. 3d 816, 823 (D. Minn. 2019).

of acts or transactions constituting an offense."); *United States v. Thompson*, 286 F.3d 950, 968 (7th Cir. 2002) ("The fact that each of the defendants were part of a common conspiracy is also enough to justify joinder under Rule 8(b)[.]"). Leyva does not say exactly what the "factual distinctions between Leyva's and Warner's alleged conduct" are, but whatever they may be, all that counts for joinder purposes is what was "alleged" in the indictment. *See* Fed. R. Crim. P. 8(b). The Court therefore concludes that Warner and Leyva were properly joined.

Leyva's remaining arguments arise under Fed. R. Civ. P. 14(a). Rule 14(a) allows a court to sever a trial if either a defendant or the government can show that prejudice would result if the trials remained joined. *See id.* ("If the joinder of . . . defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."). When two or more defendants are indicted together, "there is a preference for a joint trial unless the party moving to sever can show that the benefits are outweighed by a clear likelihood of prejudice." *United States v. Clay*, 579 F.3d 919, 927 (8th Cir. 2009) (quoting *United States v. Boone*, 437 F.3d 829, 837 (8th Cir. 2006)). That prejudice must be "severe or compelling." *United States v. Anderson*, 783 F.3d 727, 743 (8th Cir. 2015). To meet that mark, "a defendant must show that his defense [would be] irreconcilable with that of the codefendant or that the jury [would be] unable to compartmentalize the evidence." *Id.*

Leyva therefore "carries a heavy burden in demonstrating that severance is mandated." *United States v. Young*, 753 F.3d 757, 777 (8th Cir. 2014). That is especially true because "[g]enerally, persons charged in a conspiracy should be tried together, especially when proof of the charges against the defendants is based upon the same evidence and acts." *Id.* at 778; *see also United States v. Basile*, 109 F.3d 1304, 1309 (8th Cir. 1997) (stating that the preference for joint trials is "especially compelling when the defendants are charged as coconspirators."). Joint trials of co-conspirators are "preferable because [they] give[ ] the jury the best perspective on all of the evidence and, therefore, increase[ ] the likelihood of a correct outcome." *Id.* (internal quotations and citations omitted); *see United States v. Spotted Elk*, 548 F.3d 641, 658 (8th Cir. 2008) ("[I]t will be the rare case, if ever, where a district court should sever the trial of alleged coconspirators.").

Leyva makes several arguments in support of severance, but none persuade the Court. He first asserts that the government's evidence will "overwhelmingly" show that Warner was the primary supplier of controlled substances, while Leyva's "alleged role is minimal in comparison." (Filing No. 173 at 1). He therefore suggests that severance is warranted because the evidence against Warner is, in his view, "substantially greater" than the evidence against him. (Filing No. 173 at 1). That argument runs headlong into well-established Eighth Circuit precedent.[4] "It does not matter that there may be varying strength in the evidence against each defendant." *United States v. Dierling*, 131 F.3d 722, 734 (8th Cir. 1997). Indeed, "[s]everance is never warranted simply because the evidence against one defendant is more damaging than that against another . . . even if the likelihood of the latter's acquittal is thereby decreased." *United States v. Hively*, 437 F.3d 752, 765 (8th Cir. 2006); *see also United States v. Flores*, 362 F.3d 1030, 1042 (8th Cir. 2004) ("[T]here is no requirement in a joint trial that the quantum of evidence of each defendant's culpability be equal."). Thus, that the evidence against Warner may be relatively stronger does not require severance here.

Leyva's second argument is, essentially, that "the jury will be unable to properly compartmentalize the evidence as it relates to the separate defendants." *Young,* 753 F.3d at 777. He points to several "inflammatory allegations" against Warner that "have no direct connection to Leyva's conduct," like allegations of "coercion and intimidation," "[l]arge-scale drug trafficking operations," "[s]exual misconduct," and "[d]irect involvement in violent activities." (Filing No. 173 at 2). Leyva argues that evidence gives rise to a risk of guilt by association—in other words, that "[a] joint trial would likely result in the jury conflating Warner's activities with those of Leyva, leading to an unjust outcome." (Filing No. 173 at 2).

That argument fails for several reasons. First among them is that "[w]here there are multiple criminal acts in furtherance of a conspiracy, each defendant need not have participated in every act for a joint trial to be appropriate." *Dierling,* 131 F.3d at 734. There, for example, four co-defendants were charged with a "conspiracy to manufacture and distribute methamphetamine[.]" *Id.* at 728. They were each found guilty at trial and three of the co-

---

[4] The lone case Leyva cites in support of his argument, *United States v. Abfalter*, 340 F.3d 646 (8th Cir. 2003), is of no help, either. There, the Eighth Circuit "conclude[d] that the district court did not abuse its discretion in denying" the motion to sever. *Id.* at 652.

defendants argued on appeal that the district court erred in "refus[ing] to sever their cases despite the risk that evidence of unrelated acts by coconspirators would improperly influence the jury." *Id.* at 729. Those co-defendants pointed to "independent criminal activity" carried out by co-defendant Brian Dierling, like his "killing of Danny Craig [a fifth co-conspirator], the burning of Dierling's barn, the shooting of a deputy sheriff, and the discovery of a cache of weapons on Dierling's property." *Id.* at 729.

The Eighth Circuit held that "[i]t was appropriate to try appellants together. There was evidence that the challenged acts were committed in furtherance of the conspiracy so they would have been admissible in individual trials." *Id.* at 734. The evidence was "not so complicated that the jury would have been unable to make individual determinations about the guilt or innocence of each defendant," and "[a] joint trial was necessary to give the jurors a perspective on all the evidence." *Id.*

So too here. From the outset, the alleged "inflammatory allegations" against Warner are, in the Court's view, much less severe than those involved in *Dierling*. And just as in *Dierling,* those "challenged acts were committed in furtherance of the conspiracy" to distribute controlled substances. *Id.* Evidence that Warner used "violent enforcement tactics," "threats[,] and intimidation to control drug distribution networks," made "weekly trips to Colorado to acquire large" amounts of controlled substances, and "exploited individuals in exchange for drugs," for example, all seem to fit within that category. (Filing No. 173 at 2). That evidence would therefore be "admissible in individual trials." *Dierling,* 131 F.3d at 734. And those allegations are not so confusing that the jury would be "unable to make individual determinations about the guilt or innocence of each defendant," either. *Id.*; *see, e.g., United States v. Nichols*, 416 F.3d 811, 817 (8th Cir. 2005) (finding that a multi-state fraud scheme with antagonistic defendants was not too complex for the jury's ability to compartmentalize evidence). The allegations referenced in Leyva's motion can be attributed—quite clearly—to Warner, who allegedly committed each of those acts. Under these circumstances, it is appropriate to try Leyva and Warner together.

The same is true even if evidence substantiating those "inflammatory allegations" would be *in*admissible against Leyva in a separate trial. "Severance is not required merely because evidence that is admissible only against some defendants may be damaging to others." *United States v. Mallett*, 751 F.3d 907, 917 (8th Cir. 2014). The risk of prejudice in that situation can be

5

"cured by careful and thorough jury instructions." *United States v. Bennett*, 765 F.3d 887, 899 (8th Cir. 2014). *See, e.g.*, *United States v. Frazier,* 280 F.3d 835, 844 (8th Cir. 2002) ("Any concern that the evidence implicating the other codefendants would spill over and prejudice [the co-defendant seeking severance] was minimized by the district court's instruction to the jury to view the evidence presented against one defendant as applicable to only that defendant."); *Spotted Elk,* 548 F.3d at 658 ("[D]isparity among the defendants in extent of involvement and culpability is commonplace in conspiracy cases and does not alone show the kind of prejudice that would require a district court to sever, rather than to respond with some less drastic measure such as a curative instruction.").

In response, Leyva says that "courts have recognized that in complex cases with substantial evidentiary disparities, limiting instructions are insufficient." (Filing No. 183 at 3-4) (citing *United States v. Jones*, 880 F.2d 55 (8th Cir. 1989)). Maybe so, but *this* is not such a case. This is, in the Court's view, a relatively straightforward controlled substances conspiracy case, and any evidentiary disparities are not "substantial." The case Leyva relies on fails to persuade the Court otherwise. In *Jones,* the Eighth Circuit held that "[t]he trial was not particularly lengthy or complex, the court repeatedly gave cautionary instructions, and there were only five defendants, each with a distinct role in the conspiracy." *Id.* at 63. In a case like that, "a jury undoubtedly is capable of properly 'compartmentalizing' the evidence." *Id.* The Court reaches the same conclusion here.

Leyva also warns that "[i]f Warner presents a defense that implicates Leyva, this creates an irreconcilable conflict warranting severance." (Filing No. 183 at 2). While "[i]rreconcilable or mutually antagonistic defenses may be so prejudicial in some circumstances as to mandate severance," those circumstances are not present here. *United States v. Weckman*, 982 F.3d 1167, 1173 (8th Cir. 2020) (internal quotation omitted). As Leyva's brief itself makes clear, Warner has yet to present such a defense. And not just any defense implicating Leyva will do—defenses are only deemed "irreconcilable when they so conflict that the jury, in order to believe the core of one defense, must necessarily disbelieve the core of the other." *United States v. Abfalter*, 340 F.3d 646, 652 (8th Cir. 2003) (internal quotations omitted); *see Weckman,* 982 F.3d at 1173 ("[C]o-defendants do not suffer prejudice simply because one co-defendant's defense directly inculpates another, or it is logically impossible for a jury to believe both co-defendants' defenses."). So "[t]he

existence of generally antagonistic defenses . . . does not necessitate a severance." *Id.* As things stand, Leyva has failed to carry his "heavy burden" to show real prejudice based on any antagonistic defenses. *United States v. Payton,* 636 F.3d 1027, 1037 (8th Cir. 2011) (affirming the district court's denial of a motion to sever where the co-defendants' "defenses d[id] not even qualify as mutually antagonistic.").

Leyva's final argument is that "judicial economy cannot override a defendant's right to a fair trial." (Filing No. 183 at 3). The Court agrees with that general proposition. Indeed, Rule 14(a) is designed to "balance the prejudice inherent in joint trials against the interests in judicial economy." *Jones,* 880 F.2d at 60. But Leyva's problem here is that he failed to make the threshold showing of "severe or compelling prejudice" that would arise from a joint trial. *Anderson,* 783 F.3d at 743. Judicial economy-related concerns are therefore not the basis of the Court's decision. *See Jones,* 880 F.2d at 60. Accordingly,

**IT IS ORDERED:**

1. Defendant Ernesto Leyva's motion to sever (Filing No. 172) is denied.

Dated this 8th day of April, 2025.

BY THE COURT:

_____
Susan M. Bazis
United States District Judge